Elmer Maheli SOSA PALACIOS, Petitioner,

v.

Michael B. MUKASEY, United States Attorney General,[1] Respondent.

No. 07–1282–ag.

United States Court of Appeals, Second Circuit.

Feb. 19, 2008.

Peter E. Torres, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; Linda S. Wernery, Assistant Director; Thankful T. Vanderstar, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. ROGER J. MINER, and Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Elmer Maheli Sosa Palacios, a native and citizen of Guatemala, seeks review of a March 9, 2007 order of the BIA affirming the September 14, 2005 decision of Immigration Judge ("IJ") Paul A. DeFonzo, denying Sosa's application for asylum and withholding of removal. *In re Elmer*

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney Michael B. Mukasey is automatically substituted for former Attorney Alberto R. Gonzales as a respondent in this case.

*Maheli Sosa Palacios*, No. A70 811 429 (B.I.A. Mar. 9, 2007), *aff'g* No. A70 811 429 (Immig. Ct. N.Y. City Sep. 14, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We have held that issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005). In his counseled brief to this Court, Sosa fails to make any argument that the agency erred in its determination that he had failed to meet his burden of proof to establish that he would suffer persecution at the hands of guerrillas if he were returned to Guatemala. Indeed, the only assertion that can be construed as an argument in Sosa's brief to this Court is that an excerpt from a human rights report in the record provides "evidence that his return to his country's rural area would have likely subjected him to persecution." However, the quote concerns criminality and corruption in Guatemala and does not even mention guerrilla activity. We therefore deem waived any challenge to the agency's dispositive burden of proof finding. *Id.*

For the foregoing reasons, the petition for review is DENIED.